IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL ORTIZ ANGLERO, et al.

Plaintiffs

v.                                              CIVIL NO. 97-2437(GG)

CROWLEY TOWING AND TRANSPORTATION
CO., et al.

Defendants

**OPINION AND ORDER**

Former employees of Crowley Towing and Transportation ("Crowley") brought this classic "hybrid" § 301/unfair representation action against the employer and the Seafarers International Union (hereinafter "Union") under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. On the one hand, plaintiffs allege that Crowley laid them off in violation of its collective bargaining agreement ("CBA") and, in addition, that the Union breached its duty of fair representation in regard to the company's breach of contract. See e.g., Arriaga-Zayas v. Int'l. Ladies' Garment Workers' Union, 835 F.2d 11, 12 (1st Cir. 1987).

On December 29, 1998, I denied plaintiffs' motion for class certification (See Docket No. 36). Thereafter, and as a result of said order, on January 28, 1999, they filed a Motion to Amend the Complaint (Docket No. 38), seeking to add ninety-six (96) additional



97-2437 (GG)

plaintiffs whom were all former employees of Crowley and members of the Union. In their oppositions to plaintiffs' motion to amend the complaint, the Union and Crowley argue that plaintiffs' claims are time-barred. (See Dockets No. 46 and 48). Plaintiffs, in turn, responded to defendants' opposition on March 2, 1999. (Docket No. 53).

On May 5, 1999, the parties met with the Court for a Discovery Conference. At that time the parties were instructed to further brief the statute of limitations issue by May 21, 1999 (See Docket No. 75). Informative motions with attachments relative to said issue were filed by the defendants. (See Dockets No. 76 and 77).

## DISCUSSION

The Supreme Court has held that in hybrid § 301/fair representation actions such as the one at bar, the applicable statute of limitations is six months, as provided under § 10(b) of the National Labor Relations Act, ("NLRA"), 29 U.S.C. § 160(b). DelCostello v. Int'l. Brotherhood of Teamsters, 462 U.S. 151, 169-72 (1983); see also, Arriaga-Zayas 835 F.2d at 13; James v. Georgia-Pacific Corp., 986 F.Supp 34, 38 (D. Me. 1987).

In the instant case, it is undisputed that plaintiffs have brought forth a classic hybrid § 301/fair representation suit subject to the six-month statute of limitations period. Rather, the issue is when did plaintiffs' cause of action arose, setting the statute of

2

97-2437 (GG)

limitations in motion. The relevant case law states that the prescriptive clock "is activated by knowledge, actual or constructive, [and that] it begins to tick when the challenged conduct comes to light." <u>Arriaga-Zayas</u> 835 F.2d at 13. "A cause of action in a hybrid . . . suit arises when the plaintiff[s] know[], or reasonably should know, of the acts constituting the union's alleged wrongdoing." <u>Graham v. Bay State Gas Co.</u>, 779 F.2d 93, 94 (1st Cir. 1985).

The additional plaintiffs that now seek to join this litigation via an amendment to the complaint have filed their claims well outside the six-month period measured from any relevant date.[1] Thus, unless they can establish that the limitations period was suspended for some time, their causes of action are time barred.

### I. Plaintiffs Luis Alvarez and Miguel Vásquez

Of the additional ninety-six (96) plaintiffs included in the amended complaint, two (2) employees filed grievances with the Union: Luis Alvarez and Miguel Vásquez. As the defendants concede, the limitations period is tolled while employees, such as Alvarez and Vásquez, attempt to resolve their grievances through the Union's

---

[1] Plaintiffs' motion for leave to file an amended complaint was filed on January 28, 1999. (Docket No. 38). The parties differ as to when exactly did the alleged wrongdoing by the employer and the Union occurred (March 1997 or April 1997). Taking either of those dates as the onset date, plaintiffs' claims were filed almost 22 months after the occurrence of the alleged violation.

97-2437 (GG)

internal procedures. The onset date for the aforementioned plaintiffs would be the day in which they knew or should have known that the Union would not proceed any further with their grievances, namely May 12, 1997. (See Docket No. 76, attached letters from the Union to Alvarez and Vásquez). Therefore, three months and fifteen (15) days had passed from the time both of these prospective plaintiffs knew that their grievances had been denied until the commencement of the instant lawsuit on August 27, 1997. Once this court denied the class certification on December 29, 1998 (an action that tolled the statutory period while the motion was pending), Alvarez and Vásquez still had several months in which to file their complaint in federal court. Therefore, Alvarez' and Vásquez' claims, as expressed through the motion to amend the complaint filed on January 28, 1999, are not time-barred.

**II. The other ninety-four (94) prospective plaintiffs**

Plaintiffs contend that the statute of limitations was tolled for all prospective plaintiffs when Orlando Rodríguez and 200 other laid-off seamen filed charges with the NLRB against both, Crowley on August 5, 1997 and the Union on Aug 25, 1997. (See Docket No. 53). They assert that because the complaint was filed on Aug 27, 1997 (before the NLRB investigation was completed), the limitations period was tolled until December 29, 1998 (the date in which class certification

4

97-2437 (GG)

was denied). In other words, plaintiffs claim that the six-month clock began to tick on December 29, 1998.

Plaintiffs' argument is entirely without merit. The case law clearly states that a filing with the NLRB does not prevent the statute of limitations from accruing on a § 301/fair representation action. <u>Arriaga-Zayas</u> 835 F.2d at 14; <u>see also</u>, <u>Glass, Molders, Pottery, Plastics & Allied workers Int'l. Union, Local 421 v. A-CMI Michigan Casting Center</u>, 191 F.3d 764, 768-69 (6th Cir. 1999); <u>Conley v. Int'l. Brotherhood of Electrical Workers, Local 693</u>, 810 F.2d 913, 915-16 (9th Cir. 1987)(finding that the filing of a charge with the NLRB does not suspend the limitations period as to a suit in the district court given that both avenues of relief are parallel); <u>Adkins v. Int'l. Union of Electrical, Radio & Machine Workers</u>, 769 F.2d 330, 335 (6th Cir. 1985).

In the alternative, plaintiffs argue that the six-month statute of limitations period was tolled by the pending motion for class certification. The Supreme Court has held that the commencement of a class action suspends the applicable statute of limitations for all putative class members seeking to intervene after class certification is denied; inasmuch as the motion to intervene is timely and filed within the statute of limitations period remaining when the tolling is lifted by the denial of certification. <u>American Pipe & Construction Co. v Utah</u>, 414 U.S. 538, 553-54 (1974); <u>see also</u>, <u>Crown, Cork & Steal</u>

5

97-2437 (GG)

<u>Co. v. Parker</u>, 462 U.S. 345 (1983).

Certain dates relative to the inquiry of whether or not the statute of limitation was tolled are undisputed: the instant case was filed as a class action on August 27, 1997; on December 29, 1998, plaintiffs' motion for class certification was denied; and, on January 28, 1999, plaintiffs filed a motion for leave to file an amended complaint whereby additional plaintiffs sought to join the litigation. (Docket No 38). The dispute arises as to when exactly is the onset date for the commencement of the six-month statutory period.

As previously mentioned, in the context of a § 301/fair representation case, the prescriptive clock "is activated by knowledge, actual or constructive, it begins to tick when the challenged conduct comes to light." <u>Arriaga-Zayas</u> 835 F.2d at 13. Defendants claim that plaintiffs had knowledge of the company's intentions to shut down operations since late-December of 1996. Defendants have brought forth proof that Crowley notified the Union by letter dated December 18, 1996 of its intentions to shut down operations by January 31, 1997[2], and in turn, the Union notified the employees of the lay-off immediately upon the receipt of said letter. (<u>See</u> Docket 76, Exhibit 1; Docket 77, Exhibits 1 and 2). Thus, the argument follows, plaintiffs knew or should have known by late-

---

[2]  The date of the actual shutdown was later changed to March 1, 1997.

97-2437 (GG)

December of 1996 of their alleged claims against both Crowley and the Union. See, e.g., James v. Georgia-Pacific Corp., 986 F.Supp at 40 n.2(discussing the knowledge standard versus the actual harm standard, i.e., the date of the actual injury).

The record shows that the actual shutdown took place on March 1, 1997 (i.e., the date in which all the employees in the bargaining unit were either laid-off or informed that they would be temporarily retained to perform residual work)(See, Docket No. 76, Exhibit 2 to Ruiz' Affidavit). Thus, at the very latest, plaintiffs had the requisite knowledge to file their hybrid § 301/fair representation suit by March 1, 1997.[3]

Viewing the facts in the light most favorable to the plaintiffs, I find March 1, 1997 to be the latest date for the onset of the six-months limitations period. Therefore, 5 months and twenty seven (27) days had passed from the onset date to the date that plaintiffs filed their first complaint on August 27, 1997. In view of the fact that a motion for class certification suspends the statutory period, I find

---

[3] In an attempt to prolong the statutory period even further, plaintiffs contend that the lay-offs were not finalized until April 1, 1997. This allegation is simply unsupported by any evidence on the record. True enough, the final shutdown agreement between the Union and Crowley was not signed until April 17, 1997, because issues relating to the employees' severance payments still needed to be resolved. But the employers' records are clear: all employees were informed of the imminent shutdown by late December of 1996, and the layoffs occurred on March 1, 1997.

7

97-2437 (GG)

that the statutory period was suspended until December 29, 1998 (the date of the class certification denial). On that date, the statue of limitations period was resumed. In other words, once the class certification motion was denied, any additional plaintiff who wished to join the pending litigation had 3 additional days left to file suit. It was not until January 28, 1999, that the motion for leave to amend the complaint was filed, after the six-month period had expired. Therefore, it is evident form the record that granting plaintiffs' motion to amend the complaint to add the additional ninety-four (94) plaintiffs would be futile given that their claims are time barred. See, e.g., Roman-Martínez v. Runyon, 100 F.3d 213, 220 (1st Cir. 1996)(court may deny a motion to amend the complaint when granting said motion would result in a futile exercise); see also, Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)(leave to amend shall not be granted where amendment would be futile); Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 59 (1st Cir. 1990)(same).

## CONCLUSION

**WHEREFORE,** for the reasons herein stated, plaintiffs' Motion for Leave to File an Amended Complaint (Docket No. 38) is **GRANTED in part** and **DENIED in part.** The motion to amend is **GRANTED** as to plaintiffs Luis Alvarez and Miguel Vásquez. The motion is **DENIED** as to the other

AO 72A
(Rev.8/82)

ninety-four (94) additional plaintiffs.

**SO ORDERED.**

San Juan, Puerto Rico, this 11th day of December, 2000.

GILBERTO GIERBOLINI
Senior U.S. District Judge