|  |  |
|---|---|
| CIVIL 97-2437CCC<br>CIVIL 98-1548CCC | IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF PUERTO RICO |

ANGEL ORTIZ ANGLERO and REINALDO ILARRAZA-MEDINA

Plaintiffs

vs

CROWLEY TOWING & TRANSPORTATION COMPANY and SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, ATLANTIC, GULF, LAKES AND INLAND WATERS DISTRICT, AFL-CIO,

Defendants
_____

ORLANDO RODRIGUEZ, LEONCIO CANCEL, ANGEL ORTIZ, PEDRO FIGUEROA, REYNALDO ILARRAZA, MIGUEL NEGRON

Plaintiffs

vs

CROWLEY TOWING & TRANSPORTATION COMPANY and SEAFARERS INTERNATIONAL UNION

Defendants

CIVIL 97-2437CCC
CIVIL 98-1548CCC

# O R D E R

This action, having recently been reassigned to the undersigned, is now before us on Plaintiffs' Motion to Compel Response to Request to Produce Interrogatories and Notices of Taking Depositions filed on June 21, 2000 (**docket entry 81**), Crowley Towing and Transportation Company's and Seafarers International Union's oppositions (**docket entries 85 and 86** respectively) and plaintiffs' reply tendered on July 13, 2000, (docket entry 89) which was authorized by Order filed on September 30, 2002 (docket entry 100).

Movants seek to comple defendants to comply with new, additional discovery requests consisting of video depositions to have been taken on June 21, 22, 23 and 24, 2000, as well

CIVIL 97-2437CCC                                        2
CIVIL 98-1548CCC

as interrogatories and requests for production of documents served on May 18, 2000. They claim that they did not conduct this "needed" discovery before because they were waiting for a ruling by Judge Gilberto Gierbolini on a matter taken under advisement back on May 5, 1999 and a motion to amend the complaint (docket entry 38). As to the latter, plaintiffs are reminded that since December 21, 2000 (docket entry 91) Judge Gierbolini denied in part and granted in part their Motion to Amend the Complaint, allowing the addition of plaintiffs Luis Alvarez and Miguel Vasquez and denying the addition of the 94 other persons.

We outline the procedural events relevant to discovery. The Minutes of Proceedings reflect that on May 22, 1998 Judge Gierbolini held an Initial Scheduling Conference at which time plaintiffs were granted until June 15, 1998 to submit an interrogatory. The Judge also set the discovery deadline at July 24, 1998, followed by a dispositive motion cutoff date of September 25, 1998.

On December 12, 1998 the parties met with Judge Gierbolini for another Scheduling Conference where, after hearing their positions on the expected filing of a motion for summary judgment by defendants in the month of January, "it was agreed that plaintiffs [would] submit their interrogatories by December 30, 1998" and that "[d]efendants [would] file their motion for summary judgment by January 29, 1999." The parties were also instructed to "discuss which documents, requested by plaintiffs in their Request for Production of Documents [would] be submitted with the motion for summary judgment and which [would] be sent directly to plaintiffs' counsel." A discovery conference was set for February 11, 1999. (See, Minutes of Proceedings, docket entry 35).

On December 29, 1998 the Court issued an extensive Opinion and Order (docket 36) denying the petition to certify this law suit as a class action. In passing, it addressed a Motion to Compel Responses to Discovery filed by plaintiffs seeking production of documents and

CIVIL 97-2437CCC                                    3
CIVIL 98-1548CCC

incorrectly identified as docket entry 11.[1] In any event, defendants were ordered to respond to plaintiffs' outstanding discovery request by January 29, 1999. Plaintiffs have not claimed that defendants failed to comply with this order.

On January 28, 1999 (docket entry 39) plaintiffs requested and were granted a continuance of the February 11, 1999 discovery conference which was reset for March 24, 1999 (docket entry 44). This conference was again rescheduled for April 30, 1999 and finally held on May 5, 1999. Almost simultaneously, on January 29, 1999 defendant Crowley requested an extension until March 1, 1999 to answer plaintiffs' First Set of Interrogatories (docket entry 40), followed by a second motion to extend until March 15, 1999 (docket entry 52) that was granted.

On January 29, 1999 both defendants filed motions for summary judgment with statements of uncontested facts and supporting memoranda of law and exhibits. (docket entries 41 and 42).

On February 12, 1999 and on February 16, 1999 the plaintiffs in these two consolidated cases requested until February 24, 1999, and, thereafter, until March 24, 1999 to file their oppositions to the pending motions for summary judgment (docket entries 7, 49 and 50). The last motion requesting an extension until March 24, 1999 was "noted" by the Court by endorsed order dated May 6, 1999.

The last discovery conference held was that of May 5, 1999. The Minutes of Proceedings (docket entry 75) reflect that an interrogatory served by plaintiffs upon defendant SIU was still outstanding and the Court ordered that it "must answer all items over which it ha[d] no objections on or before June 4, 1999" and that "[i]ts objections to the interrogatory must be

---

[1] Docket entry 11 is a joint motion by defendants requesting continuance of the initial scheduling conference. We have been unable to locate the motion to compel mentioned above.

CIVIL 97-2437CCC                                      4
CIVIL 98-1548CCC

submitted by May 12, 1999." The final sentence of the minutes provides that "[t]he Court will take under advisement whether the motion for summary judgment filed by defendant should be stayed until discovery is completed."

No ruling was made by Judge Gierbolini on whether the pending dispositive motions would be stayed pending completion of discovery. Although the procedural events discussed above simply point to a situation where outstanding discovery had yet to be concluded, plaintiffs interpret instead that the Court contemplated staying the motions until new discovery was conducted. A review of the entries up to and including the last discovery conference (docket 75) reflects that Judge Gierbolini established a discovery deadline as far back as July 24, 1998, that this was altered only to allow plaintiffs to submit interrogatories by December 20, 1998 and that all subsequent terms fixed were merely extensions to comply with discovery requests which were outstanding. As a matter of fact, on May 5, 1999 the Court simultaneously took under advisement the stay issue and ordered defendant SIU to answer plaintiffs pending interrogatories by June 4, 1999. Under this view there would be no reason to allow plaintiffs to start a new round of discovery in the form of video depositions and more interrogatories and requests for production of documents. Also, there is no claim that the earlier discovery, pending as of the May 5, 1999 conference, had not been completed.

However, even were we to accept plaintiffs' position that what the Court actually took under advisement was whether to stay while additional discovery was made, they are not in a better position. In their reply[2] to the oppositions to their Motion to Compel plaintiffs contend that they "were not required to file an affidavit to conduct discovery before responding to the summary judgment motions", that they had "explained the exact reasons for the need for discovery to the Court in person both at the initial planning conference as well as the May 5th conference." Since nowhere in the Minutes of Proceedings of either discovery conference is

---

[2] Tendered with docket entry 89 at paragraphs 9 and 13.

CIVIL 97-2437 and 98-1548CCC                5

there any reference to plaintiffs alleged proffer, and, since a F.R.Cv.P.Rule 56(f) affidavit was never filed by plaintiffs, they would have us bypass the Rule 56(f) requirement and resolve the issues raised in their Motion to Compel based solely on their credibility.

A district court may act under Rule 56(f)"[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Based on this language, the courts have found that a party must present an affidavit to the district court in order to be entitled to a determination under Rule 56(f).  See 11Moore's Federal Practice §56.10[8] (Matthew Bender, 3ed.). Plaintiffs have never filed the required affidavit in support of whatever representations were made orally at the discovery conference of May 5, 1999. Rather, they did not attempt further discovery until more than a year after that conference was held and some 15 months after the Motions for Summary Judgment were filed.

For the above stated reasons, Plaintiffs' Motion to Compel (**docket entry 81**) is DENIED.  Crowley's request for a protective order, contained in its opposition, (**docket entry 41**) is MOOT.  The two pending motions for summary judgment (docket entries 41 and 42) are taken under advisement.

SO ORDERED.

At San Juan, Puerto Rico, on June 28, 2004.

S/CARMEN CONSUELO CEREZO
United States District Judge