UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ORLANDO RODRIGUEZ, et.al.,
Plaintiffs

Vs.
Civil No. 98-1548 (CCC)

Consolidated with

Civil No. 97-2437 (CCC)

CROWLEY TOWING AND TRANSPORTATION CO.
SEAFARERS INTERNATIONAL UNION
Defendants.

---

**PLAINTIFFS' 2ND RENEWED MOTION FOR A STATUS CONFERENCE AND TO RESET DISCOVERY DEADLINE TO ALLOW PLAINTIFFS A REASONABLE OPPORTUNITY TO RESPOND TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND/OR MOTION FOR CLARIFICATION OF THE COURT'S JUNE 26TH, 2004 ORDER.**

**COME NOW THE PLAINTIFFS, THROUGH COUNSEL, AND STATE:**

1. On July 26th, 2004, the undersigned received, for the first time, this Court's order dated June 28th, 2004 advising for the first time in the seven year ongoing litigation for this case that "the two pending motions for summary judgment are taken under advisement."

2. The Plaintiffs have been denied any and all opportunities to depose even the affiants who signed affidavits in support of the Defendants' pending motions for summary judgment.

3. Absolutely no depositions have occurred in this case in spite of multiple attempts that the Plaintiffs have exerted to take the Defendants' depositions.

The Plaintiffs cannot adequately respond to the Defendants' motions for summary judgment without deposing the Defendants' corporate representatives and before deposing the affiants who signed the affidavits submitted with the summary judgment motions. This is a minimal requirement that should be afforded to the Plaintiffs so that they may adequately respond to the pending motions for summary judgment.

4. At the scheduling conferences that have occurred, the Court was going to establish a discovery schedule several years ago but apparently never did the same as discussed in detail below.

5. The undersigned has not been provided with a scheduling order to conduct depositions and the vast majority of discovery still remains to be completed in this case. The Defendants have stonewalled each and every attempt made by the Plaintiffs to depose their Corporate Representatives and their affiants who signed affidavits in support of their summary judgment motions.

6. On November 13th, 2002 and August 12th, 2003 the Plaintiffs served the two attached motions for a status conference to define when the discovery deadline would be and when the Plaintiffs could complete the required discovery to respond to the Defendants motions for summary judgment. See attached "A" and "B". Neither motion has been ruled on to date. Additionally, the Plaintiffs' motion for an enlargement of time to respond to

the pending summary judgment motions has not been ruled on to date and has been pending for over (5) years. At the scheduling conference(s), the undersigned made oral requests for an enlargement of time to respond to the pending summary judgment motions pursuant to Local Rule 311 as well. Under Local Rule 311 (14)(A), the Clerk never entered such an extension either.

7. While the Court notes certain "minutes" of the scheduling conferences that transpired, the undersigned is not privy to the same. However, the undersigned is sure that a Magistrate Judge did not conduct these scheduling conferences nor was the undersigned provided with an order from the District Judge allowing for the Judicial Secretary to preside over the same. This seems to be in violation of Local Rule 314(1).

8. A good faith effort to complete the remaining depositions, and thereby resolve this motion and its predecessors, has occurred on several occasions to no avail. The Defendants simply maintain that discovery has passed and that no further discovery is allowed.

## PROCEDURAL BACKGROUND AND MEMORNADUM:

As explained below, the Plaintiffs have been waiting for more than (5) years for the Court's order on the Plaintiffs' motion for an enlargement of time to respond to the Defendants' motion for summary judgment and for the Court to set a discovery schedule to allow the Plaintiffs to complete even the most basic

discovery depositions in this case: namely, those of the defendants' Corporate Representatives as well as the affiants who signed affidavits in support of the Defendants' motions for summary judgment. Therefore, a clarification of the June 28th, 2004 order (received by the undersigned on July 26th, 2004) is requested to state whether the Plaintiffs' motion for an enlargement of time is granted and whether the requested depositions may be taken before the Plaintiffs respond to the pending motions for summary judgment. The undersigned maintains, and has maintained over the last 5+ years, that an adequate Response cannot be filed without the requested depositions being completed.

Under Rule 56(f), the Plaintiffs specifically have sought that this Court defer ruling on summary judgment until the critical discovery is completed, as this Court seems to acknowledge upon reciting from the May 5th, 1999 Scheduling Conference minutes. See <u>C.B. Trucking, Inc. v. Waste Management, Inc.</u>, 137 F.3d 41 (1st Cir. 1998). This occurred both at the scheduling conferences as noted below and by way of written motion which has not been ruled on to date and has been pending for over five years. In light of the fact that a motion for enlargement of time to respond to the pending summary judgment motion has been pending coupled with the Court's advices at the scheduling conference(s) that a ruling would be made relative same as discussed below, no affidavit was required to be filed under Rule 56(f). See <u>Cacevic v. City of Hazel Park</u>, 226 F.3d 483 (6th Cir. 2000); <u>Stults v. Conoco, Inc.</u> 76 F.3d 651 (5th Cir. 1996).

On February 8th, 1999, the Plaintiffs filed a motion for enlargement of time to respond to Defendants' motions for summary judgment based, in large part, on Plaintiffs' need to conduct discovery prior to responding to said motions. That same "need" exists today (07/26/04), some five and a half years later, since the Defendants have thwarted every attempt of the Plaintiffs to complete even the most basic depositions in this case: namely, those of the Defendant Corporate Representatives and affiants.

On January 29th, 1999, Defendant Crowley filed its motion for summary judgment and simultaneously filed yet another motion for a further extension of time to respond to Plaintiffs' discovery requests. It should be noted that the Plaintiffs' discovery requests had first been served on Crowley in October 1997. On February 4th, 1999, this Court Granted Crowley's discovery extension request until February 28th, 1999.

It should also be noted that Crowley did have enough time to file and create its motion for summary judgment by January 29th, 1999 while, at the same time, it claimed not to have had enough time to respond to Plaintiffs' discovery requests.

The Defendants both filed their motions for summary judgment at such an early stage in this case considering the amount of discovery yet to be completed so as to deprive the Plaintiffs from a fair opportunity to defend themselves from said motions.

A discovery conference was set in this case to take place on March 24th, 1999 at 2:00p.m. which the Court rescheduled to April 30th, 1999, THEN AGAIN TO May 5th, 1999.

On February 8th, 1999, the Plaintiffs served a motion for enlargement of time to respond to both Defendants' motions for summary judgment and requested until (the date of the discovery planning conference) to decide when the Plaintiffs should respond to the Defendants' motions for summary judgment. The Court was supposed to advise the undersigned when discovery would end and when these depositions could be taken, but never did so.

The Court, sua sponte, reset the discovery conference to May 5th, 1999 and the Plaintiffs requested until (May 5th, 1999) to set a date to respond to the Defendants' motions for summary judgment. The Court never advised the

undersigned when the discovery deadline would end and a date by which the depositions of the Defendants would need to be completed.

As the undersigned revealed at the initial discovery planning conference for this case and again at the second discovery conference on 05/05/99, the undersigned explained, in detail, why and what specific discovery needs to take place to respond to the Defendants' motions for summary judgment. The Court took the Plaintiffs' request to conduct discovery, prior to responding to Defendants' motions for summary judgment, under advisement and stated that it would inform the Parties of its decision to allow discovery prior to requiring the Plaintiffs to respond to the summary judgment motion and would otherwise advise the Parties what discovery would be allowed and/or when the Plaintiffs would be required to respond to Defendants' motions for summary judgment. <u>To date, some 5+ years since that scheduling conference, the court never advised the Plaintiffs of the same.</u>

The Plaintiffs' discovery requests are not untimely as the Defendants' suggest and the Plaintiffs' were not required to file an affidavit to conduct discovery before responding

to the summary judgment motions. The Plaintiffs, via undersigned Counsel, explained the exact reasons for the need for discovery to the Court in person both at the initial planning conference as well as the May 5th, 1999 conference and also filed both a motion for clarification as well as a motion for enlargement of time to respond the Defendants' motions for summary judgment based on the need to conduct discovery to respond to the Defendants' motions for summary judgment. The motions for an enlargement of time to respond to the Defendants' motions for summary judgment have been pending for 5+ years without a ruling thereon.

The Plaintiffs have been awaiting the Court's instructions since May 5th, 1999 of allowing discovery to respond to the Defendants' motions for summary judgment. The reliance on a Court directive cannot be said to be unreasonable.

WHEREFORE, THE PLAINTIFFS REQUEST A CLARIFICATION OF THE JUNE 28TH, 2004 ORDER AS SET FORTH ABOVE AND RENEW THEIR REQUEST FOR A SCHEUDLING COPNFERENCE FOR A THIRD TIME TO SET A SCHEDULE SO THAT THE REQUIRED DISCOVERY CAN BE

**COMPLETED BY THE PLAINTIFFS BEFORE HAVING TO RESPOND TO THE PENDING SUMMARY JUDGMENT MOTIONS.**

Respectfully submitted,

J.H. Zidell, Esq.
300 71ST STREET #605
MIAMI BEACH, FLA. 33141
F.B.N.0010121
305-865-6766
FX 305-865-7167

_____

CERTIFICATE OF SERVICE:
I hereby certify that a true and correct copy of the foregoing was mailed by U.S. Mail OR FED EX to : Raquel M. Dulzaides at P.O. Box 366104, San Juan , Puerto Rico 00936-6104, Luis Suarez at Calle Felipe Goyco #503 San Juan, Puerto Rico 00915, and Ellen Silver, Esq., 5201 Auth Way, Camp Springs, Md. 20746 on this 26ᵀᴴ day of JULY , 2004.

By: _____
     J.H. Zidell, Esq.