UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ORLANDO RODRIGUEZ, et.al.,
Plaintiffs

Vs.
Civil No. 98-1548 (CCC)

Consolidated with

Civil No. 97-2437 (CCC)

CROWLEY TOWING AND TRANSPORTATION CO.
SEAFARERS INTERNATIONAL UNION
Defendants.



---

**PLAINTIFFS' COMBINED RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT.**



The Plaintiffs oppose the Defendants' motions for summary judgment based on virtually the same argument espoused in <u>Airline Pilots Association, International v. Joseph E. O'Neill</u> et.al., 499 U.S. 65 (1991). (copy attached). This case will be referenced as "APA" throughout this memorandum.

In APA, the Supreme Court held that a Union breaches its duty of fair representation if its actions are arbitrary, discriminatory, or in bad faith: this rule applies to contract negotiation as well. Furthermore, according to APA, no intentional conduct need be shown to find a breach of duty of fair representation against a Union. APA clarified that, when a Union acts in a negotiating capacity, it is required to act in good faith and treat its members equally and in a non-

J. H. Zidell, P.A. ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

1

discriminatory manner. *Additionally*, the Union is duty bound to act rationally and in a non-arbitrary fashion to provide its members fair and adequate representation. This duty applies both to contract administration and contract negotiation.

In relation to arbitrariness, the Court established a three prong test: namely, that a non-arbitrary decision 1. must be based on relevant permissible union factors, 2. a rational result of the consideration of those factors, and 3. inclusive of a fair and impartial consideration of all employees' interests.

Applying this test, the High Court concluded that a jury could find that the Union acted arbitrarily by negotiating a settlement less favorable than the consequences of a complete surrender to Continental which would have left the seniority rights in tact for the striking pilots. Furthermore the Court determined that there was a material issue of fact whether the favored treatment of the working pilots in the allocation of the bid positions constituted discrimination against the strikers. It is against this backdrop that the Plaintiff herein oppose the Defendants' summary judgment motions and show this Court that there is a material issue of fact extant herein which should be deferred for consideration by a jury. See <u>Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry et.al.</u>, 494 U.S. 558 (1989).

In <u>APA</u>, the Supreme Court found that it would have been rational for the Union to negotiate a settlement that produced certain and prompt access to a share of the new jobs,

*J. H. Zidell, P.A.* ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

2

avoided the costs and risks of litigation, and was more favorable than a return to work for the significant number of pilots who chose severance.

Stated another way, " the final product of the bargaining process may constitute evidence of a breach of duty only if it can be fairly characterized as so far outside a wide range of reasonableness."

Put simply, the final product of the bargaining process herein constitutes evidence of a breach of duty because it can be fairly characterized as so far outside a wide range of reasonableness that it simply ignored the rights of the Plaintiffs in this lawsuit. Furthermore, Crowley breached the Collective Bargaining Agreement in relation to these Plaintiffs' rights by failing to offer the employment based on their seniority pursuant to the clear terms of the CBA.

### A. SIU AND CROWLEY BREACHED THE CBA BY NOT ARBITRARILY AGREEING TO THE 1996 CBA FAILING TO ASSIGN THE PLAINTIFFS THE WORK THAT REMAINED AFTER THE LAYOFF OCCURRED AND BY NOT TRANSERRING THE PLAINTIFFS TO OTHER CROWLEY LOCATIONS SPECIFIED IN THE CBA AND OTHERWISE FAILING TO PROTECT THE PLAINTIFFS' INTERESTS AFTER THE LAYOFF OCCURRED.

The heart of the Defendants' argument in support of summary judgment can be accurately summarized as follows: Five of the six Plaintiffs were not needed for residual work after the shutdown while the sixth Plaintiff (Cancel) was not assigned residual work due to his lack of seniority. Pardon the pun, but the Defendants argument "misses the boat" by a long shot.

*J. H. Zidell, P.A.* ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

3

The Defendant fails to discuss the pertinent portions of the CBA that require that seniority be the only criteria used for job transfer or replacement when layoffs occur. Furthermore, while part of Crowley's operations in Puerto Rico may have ceased in the Spring of 1997, no evidence has been presented by the Defendants to show that Crowley's numerous other locations could not have accommodated the Plaintiffs with gainful employment after the layoff occurred and as contemplated by the CBA.

The most logical place to turn to verify the terms and conditions of the CBA is the CBA itself. Glaringly to say the least, neither of the Defendant's memorandum addresses the specific terms of the CBA as related to the Plaintiffs' respective employments at Crowley.

The CBA at Article IV, P.8, makes clear that <u>seniority</u> is the <u>sole</u> determinative factor as far a job replacement is concerned during, or as a result of, layoffs. There is no mention in the CBA relating to job <u>qualifications</u> playing any role in that process. Indeed, allowing job qualifications to supercede seniority during layoffs as the Defendants suggest would inevitably be ridden with the pitfalls of arbitrary decision making which the Plaintiffs maintain occurred in the underlying facts to this case.

*J. H. Zidell, P.A.* ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

4

When read in *pari materia* with the other sections of Article IV to the CBA, it is clear that both Crowley and the SIU were required by the CBA to transfer or at least offer to transfer these Plaintiffs to any one of (5) Crowley locations when the 1997 layoff occurred: namely, Long Beach, Lake Charles, Jacksonville, Pennsauken, San Juan. The affidavit of Leoncio Cancel makes clear that this never occurred. The Defendants do not argue this matter in their motions for summary judgment as well. At least, this is a disputed material fact which should preclude summary judgment for the defendants and allow a jury to consider whether a breach in SIU's duty occurred as a result thereof and/or whether Crowley breach the CBA by no allowing or offering to allow the Plaintiffs to transfer to another Crowley location to continue their employment according to their seniority.

As far as the residual work assignments were concerned, the Defendants argue that (5) out of the six Plaintiffs' job positions were not needed and that Cancel's mechanic job was given to another employee with more seniority.

However, Article IV of the CBA (P.8) states that seniority is not only based on Area Job Classification but rather Date Of Hire and Area of Hire as well. Furthermore, the CBA states at P.8 that " An employee with seniority in any higher licensed classification in the deck [or mechanic] department can bump back to any lower job classification in the deck [or mechanic] department provided his combined seniority in [that] department , in the same or higher classification than the job sought, is greater than such combined seniority of the employee being bumped." Once again,

*J. H. Zidell, P.A.* ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

5

the Defendants have not set forth any facts or produced any evidence to show whether or not "lower" ranking positions were available for these Plaintiffs after the layoff occurred and/or whether these "lower" ranking positions were part of the residual work or otherwise available at any other Crowley location outside of San Juan as listed above. Summary judgment should be denied on this basis as well.

Crowley argues that its decision to shut down its Puerto Rico operations was not subject to bargaining. However, Crowley had a duty to at least offer to transfer the Plaintiffs to its other (5) locations as stated above or to transfer the Plaintiffs to the available residual work in Puerto Rico either at the same or lower ranking job classification for each Plaintiff. It did neither. The SIU completely failed to bargain for the same during the negotiation process. The CBA's express terms and provisions show that there is at least a jury question present as to whether Crowley breached the CBA and/or whether the SIU acted arbitrarily and/or in bad faith when negotiating the terms of the shut down process.

The Defendants' position that job qualifications were the correct and permissible standard to use to assign residual work after the layoff is belied by Section "4" at P.10 of the CBA which clearly states that seniority shall determine the "permanent relief" workers: not job qualifications. This applies to vacancies for "relief" jobs as stated in Section "4" paragraph "6" of the CBA.

*J. H. Zidell, P.A.* ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

6

Lastly, the SIU states that the informal grievance procedure was not invoked by (4) Plaintiffs and therefore, they should not be allowed be allowed to sue herein. However, the statement of Material Facts shows that:

(1)     The "SIU" refuses to press, or only perfunctorily presses the Plaintiffs' and seamen's claims.

(2)     The contract remedies are not ``exclusive;'' and

(3)     The Plaintiffs and other seamen are unable to invoke the grievance procedures under the unlicensed agreement.

(4)     The Plaintiffs and other seamen would have faced a protracted delay in obtaining a hearing of any kind; and

(5)     The likelihood of receiving a fair hearing was, realistically, remote.

(6)     The "Unlicensed" agreement was entered into by "SIU" against the Plaintiffs and other seamen's authority and permission and "SIU" refused to furnish the Plaintiffs and other effected seamen with copies of the "Unlicensed Agreement" so as to apprise them of its contents. The "Unlicensed Agreement" was procured in an unfair and fraudulent manner between "Crowley" and "SIU" in total disregard for the Plaintiffs' and seamen's wishes and best interest.

Exhaustion of remedies is not required when a party, by its actions, repudiates the grievance machinery, Vaca v. Sipes, 386 U.S. 171,185 (1967). such as by refusing to acknowledge or process the grievance. United Paperworks Int'l Union, Local 340 v. Boise Cascade Corp, 758 F.Supp.954,958 (D.Vt. 1991), Beer and Soft Drink Employees, Local 744 v. Skokie Valley Beverage Co., (644 F.Supp. 213,218 (N.D. Ill,

J.H. Zidell, P.A. ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

7

1986) Moreover, exhaustion is not required when filing the grievance would be futile. Exhaustion is also not required in hybrid Section 301 actions when the union has breached its duty of fair representation in failing to take an employee's grievance to arbitration as it could have under the collective bargaining agreement <u>Vaca, supra.</u> or where the union has taken the employee's grievance to arbitration and then breached its duty of fair representation. <u>Hines v. Anchor Motor Freight, Inc.</u>, 424 U.S. 554, 567 (1976).

**WHEREFORE, THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT SHOULD BE DENIED.**

```
              Respectfully submitted,

              J.H. Zidell, Esq.
              300 71ST STREET #605
          MIAMI BEACH, FLA. 33141
                F.B.N.0010121
                 305-865-6766
                FX 305-865-7167
```

*J. H. Zidell, P.A.* ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

8

CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was mailed by U.S. Mail OR FED EX to : Raquel M. Dulzaides at P.O. Box 366104, San Juan , Puerto Rico 00936-6104, Luis Suarez at Calle Felipe Goyco #503 San Juan, Puerto Rico 00915, and Ellen Silver, Esq., 5201 Auth Way, Camp Springs, Md. 20746 on this \_\_20\_\_ day of AUGUST , 2004.

By: _____
     J.H. Zidell, Esq.

J.H. Zidell, P.A. ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167