UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ORLANDO RODRIGUEZ, et.al.,
Plaintiffs

Vs.
Civil No. 98-1548 (CCC)

Consolidated with

Civil No. 97-2437 (CCC)

CROWLEY TOWING AND TRANSPORTATION CO.
SEAFARERS INTERNATIONAL UNION
Defendants.

## PLAINTIFFS' VERIFIED AND AFFIRMED STATEMENT OF MATERIAL CONTESTED FACTS

**COME NOW THE PLAINTIFFS**, through Counsel and pursuant to Local Rule 311 (12), and submit this verified statement of material facts which is affirmed by Leoncio Cancel and is submitted in opposition to both Defendants' motions for summary judgment.

1. Crowley and the SIU completely ignored and refused to consider any and all input from the employees' representatives during the negotiations during the CBA "convenio" and during the shut down process in which Crowley was going to close down some of its Puerto Rico operations. Within 120 days before the July 1st, 1996 CBA "convenio" was held, Leoncio Cancel and the other Crowley employees united and petitioned the Teamsters Union to

*J. H. Zidell, P.A.* ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

i

replace the SIU with another union to represent Crowley employees in Puerto Rico. This petition was made known to the SIU and Crowley before the "convenio" for the 1996 CBA took place.

2. During this negotiation process for the "Convenio" for the CBA and the shut down process, SIU did absolutely nothing to protect the interests of the affected seamen who were subject to the 1997 lay off including the six Plaintiffs to this lawsuit.

3. Jack Caffey, one of the SIU and Julio Cora (Crowley's Rep.) representatives in charge of negotiating for the Crowley employees during the shut down process and the "convenio" for the CBA simply refused to consider any suggestions that were being made by the employee representatives from Crowley during these negotiations.

4. One of the matters that Leoncio Cancel, an Unlicensed Employee Representative, tried to insure during the bargaining process was some form of job transfer for the senior Crowley employees including the six Plaintiffs in this lawsuit in the event of layoff or strike. This included proposals for "bumping down" positions at other Crowley locations throughout the United States which was wholly ignored by the SIU.

J. H. Zidell, P.A. ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

2

5. Leoncio Cancel tried to either secure job transfers for the senior seamen employees or at least to get Crowley to offer employment at other work sites which Crowley maintained at several ports in the United States. The SIU simply ignored these requests without explanation.

6. The reassignment of Crowley workers for residual work after the layoff occurred was not executed by seniority as required by the Collective Bargaining Agreement.

7. Absolutely no jobs were offered to any of the Plaintiffs to this lawsuit as part of the residual jobs after the lay off occurred and/or at any of Crowley's other job sites throughout the United States as contemplated by the CBA.

8. The CBA applicable for the 1997 lay off was hidden from the Crowley seamen employees by Crowley and the SIU and was not made available to any of the Crowley employees until several months after the lay off occurred. The CBA was requested by Leoncio Cancel (Employee Rep. for Unlicensed Seamen) from the SIU and Crowley on several occasions before the lay off occurred and these requests were wholly ignored by the SIU and Mr. Caffey and Crowley and Julio Cora. The Crowley employees affected by the layoff had no idea as to the content of the applicable CBA, therefore, until several months after the 1997 lay off occurred.

*J. H. Zidell, P.A.* ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

3

9. The Stipulation between Crowley and the SIU is a sham and did not result from extensive bargaining between SIU and Crowley. It was a one sided stipulation wherein SIU agreed to everything proposed by Crowley without challenge. When employee protections were proffered by Leoncio Cancel on behalf of the senior seamen employees, these were wholly ignored by Crowley and the SIU and Crowley via Jack Caffey and Julio Cora.

10. Leoncio Cancel specifically opposed assigning residual jobs after the layoff based on qualifications rather than seniority and Mr. Caffey and the other SIU representatives ignored him completely. These concerns were ignored as well by Julio Cora on behalf of Crowley.

11. The severance pay reflected in the Stipulation was contested by Leoncio Cancel and the other employee representatives since the amounts paid for severance pay were mere token payments and not reflective of the amount of years worked and were discriminatory for the more senior seamen. The stipulation was also hidden from the affected employee seamen until several months after the layoff occurred.  Leoncio Cancel proposed far greater severance pay and the inclusion of medical benefits for the Plaintiffs to this lawsuit but was wholly ignored by Mr. Caffey and Mr. Cora.

12. The SIU represents Crowley's seamen employees across the United States and simply incorporated all of Crowley's suggestions and desires at the

J. H. Zidell, P.A. ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

4

"convenio" for the 1996 CBA and for the shut down process while ignoring all of the needs of the seamen employees without explanation or espoused reason.

13. The SIU refused to process any grievances that the six Plaintiffs had about the 1996 convenio for the CBA and for the 1997 lay off and/or was simply an ineffective union that ignored seaman complaints and ineffectively processed the same and was otherwise a useless organization for the protection of Crowley seamen rights.

(14)    The "SIU" refused to press, or only perfunctorily presses the Plaintiffs' and seamen's claims.

(15)    The Plaintiffs and other seamen are unable to invoke the grievance procedures under the unlicensed agreement.

(16)    The Plaintiffs and other seamen would have faced a protracted delay in obtaining a hearing of any kind; and

(17)    The likelihood of receiving a fair hearing was, realistically, remote.

(18)    The "Unlicensed" agreement was entered into by "SIU" against the Plaintiffs and other seamen's authority and permission and "SIU" refused to furnish the Plaintiffs and other effected seamen with copies of the "Unlicensed Agreement" so as to apprise them of its contents. The "Unlicensed Agreement" was procured in an unfair and fraudulent manner between "Crowley" and "SIU" in total disregard for the Plaintiffs' and seamen's wishes and best interest.

J. H. Zidell, P.A. ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

5

X _[signature]_
LEONCIO CANCEL

On August __19__, 2004 Leoncio Cancel Appeared and produced _Driver's License 0802622_ as identification and affirmed that he has personal knowledge of all of the material facts contained herein and affirms that they are true and correct. _He is of legal age, mechanic and resident of Toa Alta, Puerto Rico._

X _[signature]_
NOTARY PUBLIC/STAMP

_[Seal: GILDA I. FALCON GARCIA — ABOGADA-NOTARIO]_

Respectfully submitted,

J.H. Zidell, Esq.
300 71ST STREET #605
MIAMI BEACH, FLA. 33141
F.B.N.0010121
305-865-6766
FX 305-865-7167

_[signature]_

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing was mailed by U.S. Mail OR FED EX to : Raquel M. Dulzaides at P.O. Box 366104, San Juan, Puerto Rico 00936-6104, Luis Suarez at Calle Felipe Goyco #503 San Juan, Puerto Rico 00915, and Ellen Silver, Esq., 5201 Auth Way, Camp Springs, Md. 20746 on this __20__ day of AUGUST, 2004.

By: _[signature]_
J.H. Zidell, Esq.

J. H. Zidell, P.A. ATTORNEYS AT LAW, CITY NATIONAL BANK BUILDING, 300 SEVENTY-FIRST ST., SUITE #605, MIAMI BEACH, FL 33141
TELEPHONE (305) 865-6766, FAX (305) 865-7167

6