UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL ORTIZ ANGLERO AND REINALDO ILARRAZA MEDINA<br><br>Plaintiffs<br><br>vs.<br><br>CROWLEY TOWING AND TRANSPORTATION COMPANY AND SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, ATLANTIC, GULF, LAKES AND INLAND WATERS DISTRICT, AFL-CIO<br><br>Defendants | CIVIL NO. 97-2437 (CCC)<br><br>JURY TRIAL REQUESTED |
| ORLANDO RODRIGUEZ et al.<br><br>Plaintiffs<br><br>vs.<br><br>CROWLEY TOWING AND TRANSPORTATION COMPANY AND SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, ATLANTIC, GULF, LAKES AND INLAND WATERS DISTRICT, AFL-CIO<br><br>Defendants | CIVIL NO. 98-1548 (CCC)<br><br>JURY TRIAL REQUESTED |

STATEMENT OF UNCONTESTED MATERIAL FACTS

TO THE HONORABLE COURT:

Plaintiffs in CIVIL NO. 97-2437, by and through counsel and pursuant to Rule 311(12) of the Local Rules of the Court, submit the following Statement of Uncontested Material Facts upon which they base the accompanying Motion in Opposition to Defendants Motion for Summary Judgment, Plaintiffs Motion for Summary Judgment and the Memorandum of Law in support of both motions.

These facts, established by the Verified Statements of

Plaintiffs, defendants answers to the complaint and the other documents attached to the Memorandum of Law in Support of the Motion for Summary Judgment and in Opposition to Defendants Motion for Summary Judgment, are the following:

1. Plaintiff Angel Ortiz Angleró and Reinaldo Ilarraza Medina were employed by Crowley without interruption since July 20, 1981 the first one, and since July 26, 1983 the second.

2. Plaintiffs worked at Crowley as engineers, a position also known as Engine Utility.

3. The terms and conditions of plaintiffs' employment were covered by the labor agreement signed between Crowley and SIU titled "Unlicensed Agreement Between the Seafarers International Union of North America, Atlantic, Gulf, Lakes and Inland Waters District, AFL-CIO and Crowley Towing and Transportation Company, July 1, 1996 through June 30, 1999".

4. Section 1 of Article IV of said labor agreement, at page 7, states that "[s]eniority, for purposes of layoff, bumping back, recall... will be based upon the date of employment in each job classification".

5. On December 18, 1996 Crowley notified SIU that the company would be permanently closing its operations in Puerto Rico, effective January 31, 1997.[1]

---

[1] See Crowley's Memorandum of Law in Support of Motion for Summary Judgment, Exhibit 3.

6. On January 13, 1997, SIU acknowledged receipt of the December 18 notification and demanded immediate negotiations over the impact of Crowley's decision.

7. As a result of these negotiations, on April 17, 1997 Crowley and SIU signed an Stipulation that established in its introductory part, under three WHEREAS, that Crowley closed its operations, effective March 1st, 1997; that "[pursuant to the requeriments of the National Labor Relations Board, the [parties] have met to negotiate the effects of the closing of operations of the Company on the employees represented by the Union described in the appropriate unit of the Collective Bargaining Agreements between the parties that entered into effect on July 1, 1996 and expires on June 30, 1999"; and that "[o]n April 17, 1997 the parties concluded the negotiations of the effects of the closing of operations on the employees and **reached the agreement establi-shed in the present Stipulation**".[2]

8. The April 17, 1997 Stipulation established in its first clause that "[t]he employees... described in the preamble of this Stipulation were terminated from employment effective March 1, 1997. The Union recognizes and accepts that even through the Company closed operations effective March 1, 1997, there remains residual work. Therefore, there is a group of employees who have

---

[2]Crowley's Memorandum of Law in Support of Motion for Summary Judgment, Exhibit 9, emphasis added.

remained working in the residual work the Company is performing related to the Bulk Petroleum Operations Contracts and the Caribbean Protector, until these contracts expire. This residual work is being performed by a group of employees **on the basis of their date of hire seniority**. As the residual work concludes, the Company will terminate these employees **on the basis of their date of hire seniority**".[3] Besides, it established in its seventh clause that "[t]he Collective Bargaining Agreements described in this Stipulation will remain in effect until its expiration, June 30, 1999", and it stated in its eight clause that "[w]ith these agreements the parties have concluded the effects negotiations of the closing of operations of the Company".

9. On April 1st., 1997 each plaintiff received a letter dated March 27, 1997 from Crowley notifying him of the termination of his employment.

10. At that time Crowley had only closed its operations in San Juan Harbor, but it continued its tug boat services in Aguirre, Guayanilla and Las Mareas in Salinas with employees who had less seniority than herein plaintiffs.

11. On April 1st., 1997 plaintiffs filed a grievance with SIU alleging violation of their contractual rights, specifically their seniority rights protected by Article IV, Section 1 of the

---

[3] Crowley's Memorandum of Law in Support of Motion for Summary Judgment, Exhibit 9, emphasis added.

CBA since engineers like plaintiffs, who had less years of service and seniority than plaintiffs, remained working for Crowley.

12. Plaintiff did not know at the time nor did have any knowledge about the negotiations that were being held between Crowley and SIU, nor about the Stipulation that was later signed by the parties as a result of said negotiations.

13. On April 14, 1997 SIU filed grievances number 32 and number 33 with Crowley on behalf of plaintiffs Ortiz and Ilarraza, alleging violation of their contractual rights, specifically their seniority rights protected by Article IV, Section 1 of the CBA since engineers like plaintiffs, who had less years of service than plaintiffs, remained working for Crowley.

14. On May 12, 1997 SIU informed plaintiffs that the union had investigated their <u>April 14</u> grievances and that the employer had denied each grievance because "seniority was based on qualifications" and the "grievance is time barred". Furthermore, SIU informed plaintiffs that because Crowley "acted in accordance with its collective bargaining agreement with the union" SIU had decided "not to take th[e] grievance[s] to arbitration".

15. Plaintiffs filed their grievances with SIU on April 1st., 1997, the same day that they recieved their discharge letters. Thus, their grievances were filed on time and could not be rejected "as time barred", except due to SIU's inadequate handling of plaintiffs' discharge grievances.

5

16. SIU did not inform plaintiffs on May 12, 1997 that it had bargained and agreed with Crowley that after the shutdown date a number of employees would be retained to perform residual work and that these "employees were selected for retention based upon a combination of seniority and qualifications".

17. René Vázquez (03/01/96), Richard Hollis (11/11/93), Rafael Campos (06/11/91) and John Gabice (06/13/94) were among the employees who remained working and had the same job classification as palintiffs, that is, engineers or engine utility; all of them had less seniority and years of service than plaintiffs and remained working for Crowley as engineers.

18. Plaintiffs were excellent and highly skilled employees, who had worked with EMD (Electric Motive Division) machines.

19. Plaintiff Ortiz Angleró was sent by Crowley to EMD school in 1984 and obtained the EMD certificate.

20. Rafael Campos another of the employees retained, did not have an EMD certificate.

WHEREFORE, plaintiffs respectfully request that the Court accept the preceding STATEMENT OF UNCONTESTED MATERIAL FACTS and deny defendants' motions for summary judgment.

I certify that on this same date I sent copy of the foregoing motion to attorney Ana Rosa Biascoechea, to P.O. Box 195332, San Juan, PR 00919-5332; to attorney Raquel M. Dulcaides, to fax 751-4068 and to P.O. Box 366104, San Juan, PR 00936-6104;

to Ellen Silver, Esq., 5201 Auth Way, Camp Springs, Maryland 20746 and to attorney J.H. Zidell, to fax 305-865-7167 and to City National Bank Building, 300 71 St. #605, Miami Beach, FL 33141.

    Respectfully submitted, this 30 day of August 2004.

LUIS AMAURI SUAREZ ZAYAS, ESQ.
US DISTRICT COURT NO. 118903
CALLE FELIPE GOYCO 503
SAN JUAN, PUERTO RICO 00915
TELS. 726-5592, 761-3037
Fax 787-726-0954