IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL ORTIZ ANGLERO and REINALDO ILARRAZA-MEDINA

Plaintiffs

vs

CROWLEY TOWING & TRANSPORTATION COMPANY and SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, ATLANTIC, GULF, LAKES AND INLAND WATERS DISTRICT, AFL-CIO,

Defendants

_____

ORLANDO RODRIGUEZ, LEONCIO CANCEL, ANGEL ORTIZ, PEDRO FIGUEROA, REYNALDO ILARRAZA, MIGUEL NEGRON

Plaintiffs

vs

CROWLEY TOWING & TRANSPORTATION COMPANY and SEAFARERS INTERNATIONAL UNION

Defendants

CIVIL 97-2437CCC
CIVIL 98-1548CCC

# O R D E R

These consolidated actions[1] allege dismissal of employees in violation of the Collective Bargaining Agreement (CBA) in failing to lay off employees by seniority and for retaliation by defendant/employer Crowley Towing and Transportation Co. (Crowley), and for breach of duty

___

[1] Cv. 98-1548 (the Florida case) was initially filed in 1997 in the District Court for the Southern District of Florida as a class action by named defendants and 150 other layed-off seaman employees. The suit alleged retaliation by the defendant employer for the employees having filed grievances and a complaint for overtime wage claims under the Fair Labor Standards Act (FLSA) in 1994, and for breach by the union of its duty of fair representation. The action was transferred to this district, where the Court denied certification of the class (see docket entry 36).

CIVIL 97-2437CCC                                                    2
CIVIL 98-1548CCC

of fair representation against defendant Seafarers International Union (Union). This classic "hybrid" §301/unfair representation action is brought pursuant to the Federal Labor-Management Relations Act, 29 U.S.C.§185a, et seq. See e.g. Chaparro-Febus v. International Longshoremen Association, Local 1575, 983 F2d 325 (1st Cir. 1993); The Florida case plaintiffs also bring their retaliation claim under 29 U.S.C. 215(a)(3), which makes it unlawful for an any person "to discharge or discriminate against any employee because such employee has filed any complaint . . . related to [Fair Labor Standards]." There is also a claim for unjust dismissal under Puerto Rico Law 80, 29 L.P.R.A. §185, et seq., and a tort claim under Article 1802 of the Civil Code of Puerto Rico 31 L.P.R.A. §5141.

These cases were reassigned on April 14, 2004 (see docket entry 115) from Judge Gilberto Gierbolini's docket and are before us on two Motions for Summary Judgment filed by co-defendant Crowley Towing & Transportation Company **(docket entry 41)** and by co-defendant Seafarers International Union of North America (**docket entry 42**). Plaintiffs opposed the motions **(docket entries 121 and 125).** Crowley and the Union filed motions for leave to reply **(docket entries 126 and 127),** but did not tender the replies.

The relevant uncontroverted facts of the case are as follows:

Crowley is a marine cargo shipping company that operated in Puerto Rico as well as other port cities elsewhere. In December, 1996 Crowley gave the Union notice that it was closing its operations in Puerto Rico. Although it was shutting down its Puerto Rico operations completely, a few contractual obligations would continue until the relevant contracts expired. The Union met with Crowley in late February 1997, and began negotiations for a termination plan, severance pay, and other matters. The negotiations resulted in the signing of what the parties refer to as the "effects" stipulation. Although not included in the written Stipulation dated April 17, 1997, the defendants contend that because the remaining contracts dealt with only bulk petroleum vessels and an oil spill response vessel, the company decided, with the Union's approval, that the additional criteria of experience and expertise on these types of

CIVIL 97-2437CCC                              3
CIVIL 98-1548CCC

vessels and offshore experience, would be given priority over seniority alone in staffing these vessels during the phasing-out period.

Judge Gierbolini, in addressing a motion in the Florida case to amend the complaint to add 96 defendants (see docket entry 91), found that Luis Alvarez and Miguel Vázquez were the only employees who had filed grievances with the Union. The judge allowed the addition of these two individuals as plaintiffs and denied the motion as to the other 94. Opinion and Order, page 2. According to the Union, only plaintiffs Angel Ortiz, Reinaldo Ilarraza[2] and Luis Alvarez filed grievances with the Union over the failure to strictly follow seniority.[3] The Union refused to process these grievances any further because it contended that the plan to allow qualifications as a criteria had been agreed upon by the Union and Crowley together.

With regard to four of the plaintiffs, the record reflects that they were not affected by the revised ("seniority-plus") method of layoffs: Leoncio Cancel was not the most senior mechanic.[4] A more senior mechanic, Miguel Rodríguez, was given the position available during the phase out of operations. Pedro Figueroa and Miguel Negrón were classified as "ordinary seaman" and there were no positions for ordinary seamen during the residual operations.

---

[2] We note that Angel Ortiz and Reinaldo Ilarrraza are plaintiffs in both cases.

[3] John Steven Ruiz, Union Director of Caribbean Operations and the Port Agent in Santurce, Puerto Rico, states, at pargraph 16 of his affidavit in support of the Union's Motion for Summary Judgment:

> After the shut-down, three employees filed grievances claiming that they had more seniority than the employees who were retained by the Company. The employees were Luis Alvarez, Angel Ortiz and Reinaldo Ilarraza. These three employees were all engineers, also known as "engine utility" employees.

Only copies of the grievances filed by Ortiz and Ilarraza are attached. No other information is provided about the grievance filed by Luis Alvarez or Miguel Vázquez.

[4] Although Cancel qualified s a crane operator he did not have the federally required Occupational Health & Safety Act certification to fill this position on an oil response vessel.

CIVIL 97-2437CCC                                            4
CIVIL 98-1548CCC

Orlando Rodríguez was a Utility Person and there was no utility position available during the phase-out.

Based upon the above facts, many of which are gleaned from the documents supporting all parties' motions, the defendants request summary judgment, contending that there was no violation of the CBA on the basis of seniority and that the union did not breach its duty of fair representation. Crowley also contends that the lay-offs arose from its legitimate prerogative to close its operations in Puerto Rico.

The plaintiffs in the Florida case opposed the motion reiterating their allegations of retaliation and the failure to follow the CBA's seniority rule for the remaining work. For the first time in this action, they argue that Crowley failed to transfer the plaintiffs to other Crowley locations. They contend that when the seniority clause is read "with the other sections of Article IV of the CBA, it is clear that both Crowley and the Union were required by the CBA to transfer or at least offer to transfer these Plaintiffs to any one of (5) Crowley locations when the 1997 layoffs occurred...." See docket entry 121, p.5.

Plaintiffs in Civil Case 97-2437, Angel Ortiz and Reinaldo Ilarraza base their opposition on Crowley's failure to strictly follow the date of hire seniority in both the CBA and the effects stipulation of April 17,1997. As stated in their complaint, they also contend that their grievances were incorrectly rejected by the union as being time-barred.[5]

We first set out the relevant clauses:

The CBA, with regard to seniority, states in Article IV, Section A):

> "Seniority, for purposes of layoff, bumping back, recall, transfer, and promotion, will be based upon the date of employment in each job classification, as herein further amplified."

The Stipulation regarding the effects of the closing of operations signed by the Union and Crowley on April 17, 1997, states, at page 2, paragraph 1:

---

[5]Defendants have not raised the untimely filing of their grievances as grounds for dismissal of their claims.

CIVIL 97-2437CCC  5
CIVIL 98-1548CCC

> "This residual work is being performed by a group of employees on the basis of their date of hire seniority. As the residual work concludes, the Company will terminate these employees on the basis of their date of hire seniority."

ANALYSIS

We initially note that the CBA does not provide for the event of the shutdown of the employer's Puerto Rico operations. The interests of the employees are significantly protected by the requirement of bargaining over the "effects" of a closing. <u>Arrow Automotive Industries v. NLRB</u>, 853 F2d 223 (4th Cir. 1988), citing <u>First National Maintenance Corp. v. NLRB</u>, 452 US 666 (1981). We cannot find the decision of the Union to negotiate with the employer on the effects of the shutdown to be arbitrary, discriminatory, or in bad faith. <u>Chaparro-Febus</u>, <u>supra</u>, at 330. <u>See also</u>, <u>Airline Pilots Ass'n. Int'l. V. O'Neill</u>, 499 U.S. 65 (1991). (A union breaches its duty of fair representation only when it engages in arbitrary, discriminatory or bad faith conduct.)

In their opposition, the Florida plaintiffs present allegations of additional violations of the CBA: that Crowley failed to offer its Puerto Rico employees transfers to its operations in other locations. These grievances are not contained in their complaint, and there is no evidence that they were submitted for resolution according to the grievance procedures of the CBA. Therefore, we do not consider them.

The Supreme Court has determined that an employer has the right to terminate an entire business for any reason he pleases and that the closing of an entire business, even though discriminatory, ends the employer/employee relationship. <u>See</u> <u>Textile Workers Union of America v. Darlington Manufacturing Company</u>, 380 U.S. 263 (1965). The union is protected from a partial closing that is motivated by anti-union animus. <u>Arrow Automotive Industries v. NLRB</u>, supra at 226. Plaintiffs have raised no allegations of discrimination in either of their complaints.

CIVIL 97-2437CCC                                6
CIVIL 98-1548CCC

      The Florida case plaintiffs' retaliation claims were raised in two unfair labor practice charges before the N.L.R.B., which addressed the issue of anti-union animus– discharge for filing claims under the FLSA. The first charge, brought under section 8(a) (1-3)of the National Labor Relations Act (NLRA), 29 U.S.C. 158(a)(1-3) states as follows:

> In or around February 1997, the Employer, through its officers, agents and representatives, laid off Orlando A. Rodríguez and approximately 200 other workers in retaliation for their concerted protected activities in filing an FLSA demand against the Employer."

The second charge, brought pursuant to NLRA sections 8(b)(1)(A) and (2) states:

> Since February 1997, the Union, through its officers, agents and representatives, breached its duty of fair representation by conspiring with and allowing the below-referenced Employer to lay off 200 workers in retaliation for their filing an FLSA demand, and by failing to represent them in the grievance process subsequently.

These charges were rejected by the N.L.R.B. In two letters, one for each charge, dated February 27, 1998, the Regional Director refused to file a complaint in the matter, stating that the matter had been carefully investigated and considered and that the investigation had failed to reveal evidence of a sufficient nature to support their allegation that there was a violation.

      Similarly, the allegations of retaliation found in both the complaint and the opposition are conclusory. Conclusory allegations of retaliation alone, in the case of a business closing, are not a sufficient basis for breach of the employment contract. Fed.R.Civ.P. 56(e) governs the obligations of adverse parties to respond to a summary judgment motion. It provides that when a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of its pleadings. Rather, the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. De La Vega v. The San Juan Star, 377, F.3d 111, 115 (1st Cir. 2004); Rosenfeld v. Egy, 346 F.3d 11 (1st Cir. 2003) (summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences and unsupported speculation).

CIVIL 97-2437CCC                              7
CIVIL 98-1548CCC

Additionally, Law 80, 29 L.P.R.A. §185b(d) establishes that full, temporary or partial closing of the operations of the establishment constitutes good cause for the discharge of an employee.

While this would dispose of those plaintiffs whose claims were based only on retaliation and which the evidence establishes were not the most senior in their positions or all their positions were eliminated, some of the plaintiffs contend that they were the most seniors, were dismissed, and did file timely grievances which the Union failed to pursue. As to them, defendants have advanced the "seniority-plus" argument.

Although John Steven Ruiz' affidavit in support of the Union's motion, at ¶13, and Crowley's letter to the Union dated March 6, 1997 [Ex 13] explain the rationale behind the alleged decision to include qualifications as an additional criteria for the remaining work, we note that this material predates the April 17, 1997 stipulation and is inconsistent with its terms.

While a question of fact exists as to "seniority-plus" under the federal law claims, Law 80 permits "seniority plus." 29 LPRA §185c provides that:

> "[i]n any case where employees are discharged for the reasons indicated in [§185b(d)], it shall be the duty of the employer to retain those employees of greater seniority on the job with preference... except...in those cases in which there is a clear and conclusive difference in favor of the efficiency or capacity of the workers compared, in which case the capacity shall prevail..."

(Our emphasis.)

Finally, with regard to the claim of the Civ. 97-2437 plaintiffs made pursuant to Article 1802 of the Civil Code of Puerto Rico, in ordinary cases of unjust discharge from employment, there is no cause of action against an employer for extra contractual responsibility. See Rivera v. Security National Life Insurance Company, 106 D.P.R. 517, 527 (1977). The only cause of action for unjust dismissal under the circumstances here are those established by Law 80. See Arroyo v. Rattan Specialties, Inc. 117 D.P.R. 35, 65(1986).

For the above stated reasons, the Motions for Summary Judgment (**docket entries 41 and 42**) are GRANTED IN PART and DENIED IN PART. The Motions are GRANTED as to

CIVIL 97-2437CCC                                    8
CIVIL 98-1548CCC

the retaliation claims, which are DISMISSED.  The Court finds that the employer's decision to include qualifications as a criteria in retaining some workers, and the Union's failure to pursue grievances based on this alleged breach of the CBA, create issues of material fact which must be left for a jury to decide.  Therefore, summary judgment on the hybrid federal claims based on the seniority issue are therefore DENIED.  However, since the Court has found that the seniority rights of plaintiffs Orlando Rodríguez, Leoncio Cancel, Pedro Figueroa and Miguel Negrón were not violated,  the actions brought by these plaintiffs are DISMISSED.  The seniority claims under the federal law filed by Angel Ortiz-Angleró, Reinaldo Ilarraza-Medina, Luis Alvarez and Miguel Vázquez remain.

The summary judgment motions are also GRANTED as to Ortiz-Angleró and Ilarraza-Medina's seniority claims under Law 80 and their claims under Article 1802, which are DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2004.

                                                              S/CARMEN CONSUELO CEREZO
                                                              United States District Judge