IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL ORTIZ ANGLERO and REINALDO ILARRAZA-MEDINA

Plaintiffs

vs

CROWLEY TOWING & TRANSPORTATION COMPANY and SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, ATLANTIC, GULF, LAKES AND INLAND WATERS DISTRICT, AFL-CIO,

Defendants
_____

ORLANDO RODRIGUEZ, LEONCIO CANCEL, ANGEL ORTIZ, PEDRO FIGUEROA, REYNALDO ILARRAZA, MIGUEL NEGRON

Plaintiffs

vs

CROWLEY TOWING & TRANSPORTATION COMPANY and SEAFARERS INTERNATIONAL UNION

Defendants

CIVIL 97-2437CCC
CIVIL 98-1548CCC

**O R D E R**

The parties will meet during the month of October 2004 to explore settlement possibilities and thereafter file a sealed motion regarding their efforts.

A **settlement conference is set for November 16, 2004 at 5:00 PM. Jury trial is set for February 25, 2005 from 10:00 AM to 1:00 PM and from 2:00 PM to 5:00 PM.** The parties are hereby GRANTED a term of fifteen (15) days after notice to inform of any calendar conflicts or other reasons which may justify a continuance of this setting. The parties are admonished that if no objections are raised to this setting within the term allowed, NO CONTINUANCES WILL LATER BE GRANTED. They are expressly advised that trial will

CIVIL 97-2437CCC                                     2
CIVIL 98-1548CCC

not be continued because counsel have agreed to recommend a settlement.  A trial date will be passed ONLY IF A SETTLEMENT HAS BEEN FIRMLY BOUND.

    1.  Calendar conflicts.

The parties are advised that pursuant to Local Civil Rule 3.2(f), the following order of precedence is established to resolve calendar conflicts amongst judicial officers:

    a.  Trials shall take precedence over all other hearings.

    b.  Jury trials shall take precedence over non-jury trials.

    c.  Criminal cases shall take precedence over civil cases.

    d.  Criminal cases involving defendants in custody shall take precedence over other criminal cases.

    e.  Among criminal cases not involving defendants who are in custody, the case having the earliest docket number shall take precedence over the others.

    f.  Among civil cases, the case having the earliest docket number shall take precedence over the others.

Counsel are advised that, pursuant to said Rule, when there is a conflict between court appearances they have the obligation to notify each Judge involved, in writing, not later than three (3) business days after receipt of the notice giving rise to the conflict, indicating the names and docket numbers of each case and the date and time of the conflicting hearings.

    2.  Marking of exhibits.

At least ten (10) working days before the date scheduled for trial, the parties will meet to mark all evidence to be presented at trial and prepare an exhibit list.  A sample of the exhibit list form is available and may be requested from the undersigned's Courtroom Deputy Clerk. The parties must deliver the exhibits and identifications, along with the typed list, to the Courtroom Deputy Clerk at least five (5) days before the date of the trial.  Each party is to prepare its own separate list, and if there are any joint exhibits, a separate list for them shall also

CIVIL 97-2437CCC                                          3
CIVIL 98-1548CCC

be prepared.  The exhibits for the plaintiff(s) are to be marked with **numbers**, those for the defendant(s) with **letters**, and the joint exhibits with **Roman numerals**.

In filling out the exhibit list forms, the boxes for the dates shall be left blank.  The Courtroom Deputy Clerk will fill them on the first day of trial.  In the "marked" box the parties shall indicate "E" for exhibit or "ID" for identification.  If and when the Court admits an identification, and it becomes an exhibit, the Courtroom Deputy Clerk will indicate in the "admitted" box the appropriate date.  The parties shall provide a short description of the exhibit, but do not have to identify the witness that will be used to present it.  Any questions on how to fill the forms may be addressed to the Courtroom Deputy Clerk who will be available to assist the parties.

Failure to comply with this procedure shall result in the imposition of sanctions, including the exclusion of the exhibit or identification at trial.

The parties are reminded that all exhibits must be officially translated into English before they are marked.  This includes any deposition transcripts or parts thereof that will be used at trial whether as evidence or for impeachment purposes.  The Court will strictly enforce this translation requirement and will not admit any exhibit which is not in English.  See U.S. v. Rivera-Rosario, 300 F.3d 1 (1st Cir. 2002).

Additionally, the parties are advised that it is the policy of this Court that the party who presents Spanish-speaking witnesses must pay the interpreter.  This interpreter must be certified by the Administrative Office of the U.S. Courts.  The Court only provides interpreters for criminal proceedings.

3. Proposed Voir Dire and Jury Instructions

The basic voir dire and jury instructions are, in general, prepared by the Court. **The parties shall not submit instructions of the type that are ordinarily used in every case**. They shall submit **only** special instructions or wording that they believe necessary for the specific

CIVIL 97-2437CCC                         4
CIVIL 98-1548CCC

facts of their case. Instructions should be carefully reviewed prior to submission. The Court is not interested in receiving a panoply of possible suggested instructions from which to choose, for each point. One for each specific point will suffice and differences in specific wording will be resolved at the charge conference.

In an effort to streamline and facilitate the compilation of the instructions, the attorneys shall follow the requested format. Submissions not complying with these requirements will not be considered.

a. Any preliminary jury instructions shall be packaged with the proposed voir dire.

b. Each instruction shall appear on a separate page, and be numbered and identified as to the party: <u>e.g.</u> <u>Plaintiff's Proposed Instruction #1</u>.

c. Each instruction shall have a caption identifying its contents, <u>e.g.</u> <u>Interstate Commerce - Definition</u>.

d. Each instruction shall be followed by a citation to a source, either an accepted pattern book or supporting case law. Instructions taken from pattern books must be from the **<u>current edition</u>** and be identified by the year as well as the title.

e. All instructions supported by case law, treatises, articles, and the like, shall include as an addendum photocopies of the complete cases or materials cited therein. Each photocopy shall be identified as to which instruction number(s) it supports, and the specific section supporting each instruction should be either highlighted or marked with brackets. **The copies of cases and materials should not be filed.**

Requested voir dire and instructions shall be filed **no later than seven (7) working days before trial. <u>Two</u> sets of working copies and <u>one</u> set of photocopies of supporting cases shall be delivered to chambers, in addition to the set filed**.

**<u>PARTIES FAILING TO TIMELY FILE THEIR INSTRUCTIONS, OR TO FULLY COMPLY WITH THE REQUIREMENTS FOR COURTESY COPIES AND CASE</u>**

CIVIL 97-2437CCC  
CIVIL 98-1548CCC                                        5

**PHOTOCOPIES WILL WAIVE THEIR RIGHT TO PROPOSE INSTRUCTIONS**.

II. SANCTIONS FOR FAILURE TO COMPLY WITH THE CASE MANAGEMENT ORDER.

The parties are advised that failure to comply with any part of this Order will result in the imposition of appropriate sanctions.

SO ORDERED.

At San Juan, Puerto Rico, on October 4, 2004.

S/CARMEN CONSUELO CEREZO  
United States District Judge