*Filed 4/11/05*
*4:04 p*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ANGEL ORTIZ ANGLERO and REINALDO
ILARRAZA-MEDINA

Plaintiffs

vs

CROWLEY TOWING & TRANSPORTATION
COMPANY and SEAFARERS
INTERNATIONAL UNION OF NORTH
AMERICA, ATLANTIC, GULF, LAKES AND
INLAND WATERS DISTRICT, AFL-CIO,

Defendants

---

ORLANDO RODRIGUEZ,
LEONCIO CANCEL, ANGEL ORTIZ, PEDRO
FIGUEROA, REYNALDO ILARRAZA,
MIGUEL NEGRON

Plaintiffs

vs

CROWLEY TOWING & TRANSPORTATION
COMPANY and SEAFARERS
INTERNATIONAL UNION

Defendants

CIVIL 97-2437CCC
CIVIL 98-1548CCC

## JUDGMENT

Having considered the Stipulation of Dismissal With Prejudice filed on April 1, 2005 by plaintiffs Luis Alvarez and Miguel Vázquez, and defendants Crowley Towing and Transportation Co. and the Seafarers International Union of North America, Atalantic, Gulf, Lakes and Island Waters District, AFL-CIO (**docket entry 148**), the same is APPROVED and the claims brought by plaintiffs Luis Alvarez and Miguel Vázquez are hereby DISMISSED, with prejudice, and without imposition of costs, expenses or attorney's fees, pursuant to the terms of the Stipulation which are made part of this Judgment.

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, on April 8, 2005.

CARMEN CONSUELO CEREZO
United States District Judge

149

CIVIL 97-2437CCC    IN THE UNITED STATES DISTRICT COURT
CIVIL 98-1548CCC    FOR THE DISTRICT OF PUERTO RICO

ANGEL ORTIZ ANGLERO and REINALDO
ILARRAZA-MEDINA

Plaintiffs

vs

CROWLEY TOWING &
TRANSPORTATION COMPANY and
SEAFARERS INTERNATIONAL UNION
OF NORTH AMERICA, ATLANTIC,
GULF, LAKES AND INLAND WATERS
DISTRICT, AFL-CIO,

Defendants

ORLANDO RODRIGUEZ,
LEONCIO CANCEL, ANGEL ORTIZ,
PEDRO FIGUEROA, REYNALDO
ILARRAZA, MIGUEL NEGRON

Plaintiffs                                          CIVIL 97-2437CCC
vs                                                  CIVIL 98-1548CCC

CROWLEY TOWING &
TRANSPORTATION COMPANY and
SEAFARERS INTERNATIONAL UNION

Defendants

## O R D E R

This action, having recently been reassigned to the undersigned, is now before us on Plaintiffs' Motion to Compel Response to Request to Produce Interrogatories and Notices of Taking Depositions filed on June 21, 2000 (**docket entry 81**), Crowley Towing and Transportation Company's and Seafarers International Union's oppositions (**docket entries 85 and 86** respectively) and plaintiffs' reply tendered on July 13, 2000, (docket entry 89) which was authorized by Order filed on September 30, 2002 (docket entry 100).

Movants seek to comple defendants to comply with new, additional discovery requests consisting of video depositions to have been taken on June 21, 22, 23 and 24, 2000, as well

CIVIL 97-2437CCC                    2
CIVIL 98-1548CCC

as interrogatories and requests for production of documents served on May 18, 2000. They claim that they did not conduct this "needed" discovery before because they were waiting for a ruling by Judge Gilberto Gierbolini on a matter taken under advisement back on May 5, 1999 and a motion to amend the complaint (docket entry 38). As to the latter, plaintiffs are reminded that since December 21, 2000 (docket entry 91) Judge Gierbolini denied in part and granted in part their Motion to Amend the Complaint, allowing the addition of plaintiffs Luis Alvarez and Miguel Vasquez and denying the addition of the 94 other persons.

We outline the procedural events relevant to discovery. The Minutes of Proceedings reflect that on May 22, 1998 Judge Gierbolini held an Initial Scheduling Conference at which time plaintiffs were granted until June 15, 1998 to submit an interrogatory. The Judge also set the discovery deadline at July 24, 1998, followed by a dispositive motion cutoff date of September 25, 1998.

On December 12, 1998 the parties met with Judge Gierbolini for another Scheduling Conference where, after hearing their positions on the expected filing of a motion for summary judgment by defendants in the month of January, "it was agreed that plaintiffs [would] submit their interrogatories by December 30, 1998" and that "[d]efendants [would] file their motion for summary judgment by January 29, 1999." The parties were also instructed to "discuss which documents, requested by plaintiffs in their Request for Production of Documents [would] be submitted with the motion for summary judgment and which [would] be sent directly to plaintiffs' counsel." A discovery conference was set for February 11, 1999. (See, Minutes of Proceedings, docket entry 35).

On December 29, 1998 the Court issued an extensive Opinion and Order (docket 36) denying the petition to certify this law suit as a class action. In passing, it addressed a Motion to Compel Responses to Discovery filed by plaintiffs seeking production of documents and

CIVIL 97-2437CCC
CIVIL 98-1548CCC

3

incorrectly identified as docket entry 11.[1] In any event, defendants were ordered to respond to plaintiffs' outstanding discovery request by January 29, 1999. Plaintiffs have not claimed that defendants failed to comply with this order.

On January 28,1999 (docket entry 39) plaintiffs requested and were granted a continuance of the February 11, 1999 discovery conference which was reset for March 24, 1999 (docket entry 44). This conference was again rescheduled for April 30, 1999 and finally held on May 5, 1999. Almost simultaneously, on January 29, 1999 defendant Crowley requested an extension until March 1, 1999 to answer plaintiffs' First Set of Interrogatories (docket entry 40), followed by a second motion to extend until March 15, 1999 (docket entry 52) that was granted.

On January 29, 1999 both defendants filed motions for summary judgment with statements of uncontested facts and supporting memoranda of law and exhibits. (docket entries 41 and 42).

On February 12, 1999 and on February 16, 1999 the plaintiffs in these two consolidated cases requested until February 24, 1999, and, thereafter, until March 24, 1999 to file their oppositions to the pending motions for summary judgment (docket entries 7, 49 and 50). The last motion requesting an extension until March 24, 1999 was "noted" by the Court by endorsed order dated May 6, 1999.

The last discovery conference held was that of May 5, 1999. The Minutes of Proceedings (docket entry 75) reflect that an interrogatory served by plaintiffs upon defendant SIU was still outstanding and the Court ordered that it "must answer all items over which it ha[d] no objections on or before June 4, 1999" and that "[i]ts objections to the interrogatory must be

---

[1]Docket entry 11 is a joint motion by defendants requesting continuance of the initial scheduling conference. We have been unable to locate the motion to compel mentioned above.

CIVIL 97-2437CCC                    4
CIVIL 98-1548CCC

submitted by May 12, 1999." The final sentence of the minutes provides that "[t]he Court will take under advisement whether the motion for summary judgment filed by defendant should be stayed until discovery is completed."

No ruling was made by Judge Gierbolini on whether the pending dispositive motions would be stayed pending completion of discovery. Although the procedural events discussed above simply point to a situation where outstanding discovery had yet to be concluded, plaintiffs interpret instead that the Court contemplated staying the motions until new discovery was conducted. A review of the entries up to and including the last discovery conference (docket 75) reflects that Judge Gierbolini established a discovery deadline as far back as July 24, 1998, that this was altered only to allow plaintiffs to submit interrogatories by December 20, 1998 and that all subsequent terms fixed were merely extensions to comply with discovery requests which were outstanding. As a matter of fact, on May 5, 1999 the Court simultaneously took under advisement the stay issue and ordered defendant SIU to answer plaintiffs pending interrogatories by June 4, 1999. Under this view there would be no reason to allow plaintiffs to start a new round of discovery in the form of video depositions and more interrogatories and requests for production of documents. Also, there is no claim that the earlier discovery, pending as of the May 5, 1999 conference, had not been completed.

However, even were we to accept plaintiffs' position that what the Court actually took under advisement was whether to stay while additional discovery was made, they are not in a better position. In their reply[2] to the oppositions to their Motion to Compel plaintiffs contend that they "were not required to file an affidavit to conduct discovery before responding to the summary judgment motions", that they had "explained the exact reasons for the need for discovery to the Court in person both at the initial planning conference as well as the May 5th conference." Since nowhere in the Minutes of Proceedings of either discovery conference is

_____

[2]Tendered with docket entry 89 at paragraphs 9 and 13.

CIVIL 97-2437 and 98-1548CCC          5

there any reference to plaintiffs alleged proffer, and, since a F.R.Cv.P.Rule 56(f) affidavit was never filed by plaintiffs, they would have us bypass the Rule 56(f) requirement and resolve the issues raised in their Motion to Compel based solely on their credibility.

A district court may act under Rule 56(f)"[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Based on this language, the courts have found that a party must present an affidavit to the district court in order to be entitled to a determination under Rule 56(f).  See 11Moore's Federal Practice §56.10[8] (Matthew Bender, 3ed.). Plaintiffs have never filed the required affidavit in support of whatever representations  were made orally at the discovery conference of May 5, 1999. Rather, they did not attempt further discovery until more than a year after that conference was held and some 15 months after the Motions for Summary Judgment were filed.

For the above stated reasons, Plaintiffs' Motion to Compel (**docket entry 81**) is DENIED. Crowley's request for a protective order, contained in its opposition, (**docket entry 41**) is MOOT.  The two pending motions for summary judgment (docket entries 41 and 42) are taken under advisement.

SO ORDERED.

At San Juan, Puerto Rico, on June 28, 2004.

S/CARMEN CONSUELO CEREZO
United States District Judge

3:98-cv-01548

ct

J. H. Zidell, Esq.
300 71st St. #605
FBN 0010121
Miami Beach, FL  33141

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - -

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ORLANDO RODRIGUEZ, et al.,

### V.

CROWLEY TOWING & TRANSPORTATION CO.

CASE NUMBER: CIVIL 98-1548 (JP)

## O R D E R

| MOTION | RULING |
|---|---|
| **Date Filed:** 22 May 98    **Docket # 3**<br>[x] **Plaintiff(s)**    [ ] **Defendant(s)**<br>[ ] **Other**<br><br>**Title:** Motion to Appear as Counsel *Pro Hac Vice* | **GRANTED.** |

**JAIME PIERAS, JR.**
**United States District Judge**

Date: 7/31/98

| Rec'd: | EOD: |
|---|---|
| By: | # |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ANGEL ORTIZ ANGLERO and REINALDO
ILARRAZA-MEDINA

Plaintiffs

vs

CROWLEY TOWING &
TRANSPORTATION COMPANY and
SEAFARERS INTERNATIONAL UNION
OF NORTH AMERICA, ATLANTIC,
GULF, LAKES AND INLAND WATERS
DISTRICT, AFL-CIO,

Defendants

*Filed 9/30/04*

ORLANDO RODRIGUEZ,
LEONCIO CANCEL, ANGEL ORTIZ,
PEDRO FIGUEROA, REYNALDO
ILARRAZA, MIGUEL NEGRON

Plaintiffs

vs

CROWLEY TOWING &
TRANSPORTATION COMPANY and
SEAFARERS INTERNATIONAL UNION

Defendants

CIVIL 97-2437CCC
CIVIL 98-1548CCC

## O R D E R

These consolidated actions[1] allege dismissal of employees in violation of the Collective Bargaining Agreement (CBA) in failing to lay off employees by seniority and for retaliation by defendant/employer Crowley Towing and Transportation Co. (Crowley), and for breach of duty

---

[1] Cv. 98-1548 (the Florida case) was initially filed in 1997 in the District Court for the Southern District of Florida as a class action by named defendants and 150 other layed-off seaman employees. The suit alleged retaliation by the defendant employer for the employees having filed grievances and a complaint for overtime wage claims under the Fair Labor Standards Act (FLSA) in 1994, and for breach by the union of its duty of fair representation. The action was transferred to this district, where the Court denied certification of the class (see docket entry 36).

CIVIL 97-2437CCC                            2
CIVIL 98-1548CCC

of fair representation against defendant Seafarers International Union (Union).  This classic
"hybrid" §301/unfair representation action is brought pursuant to the Federal Labor-
Management Relations Act, 29 U.S.C.§185a, et seq.  See e.g. Chaparro-Febus v. International
Longshoremen Association, Local 1575, 983 F2d 325 (1st Cir. 1993); The Florida case
plaintiffs also bring their retaliation claim under 29 U.S.C. 215(a) (3), which makes it unlawful
for an any person "to discharge or discriminate against any employee because such employee
has filed any complaint . . . related to [Fair Labor Standards]."  There is also a claim for unjust
dismissal under Puerto Rico Law 80, 29 L.P.R.A. §185, et seq., and a tort claim under Article
1802 of the Civil Code of Puerto Rico 31 L.P.R.A. §5141.

        These cases were reassigned on April 14, 2004 (see docket entry 115) from Judge
Gilberto Gierbolini's docket and are before us on two Motions for Summary Judgment filed by
co-defendant Crowley Towing & Transportation Company (docket entry 41) and by co-
defendant Seafarers International Union of North America (docket entry 42).  Plaintiffs
opposed the motions (docket entries 121 and 125).  Crowley and the Union filed motions
for leave to reply (docket entries 126 and 127), but did not tender the replies.

        The relevant uncontroverted facts of the case are as follows:

        Crowley is a marine cargo shipping company that operated in Puerto Rico as well as other
port cities elsewhere.  In December, 1996 Crowley gave the Union notice that it was closing
its operations in Puerto Rico.  Although it was shutting down its Puerto Rico operations
completely, a few contractual obligations  would continue until the relevant contracts expired.
The Union met with Crowley in late February 1997, and began  negotiations for a termination
plan, severance pay, and other matters.  The negotiations resulted in the signing of what the
parties refer to as the "effects" stipulation. Although not included in the written Stipulation
dated April17, 1997, the defendants contend that because the remaining contracts dealt with
only bulk petroleum vessels and an oil spill response vessel, the company decided, with the
Union's approval, that the additional criteria of experience and expertise on these types of

CIVIL 97-2437CCC                                    3
CIVIL 98-1548CCC

vessels and offshore experience, would be given priority over seniority alone in staffing these
vessels during the phasing-out period.

Judge Gierbolini, in addressing a motion in the Florida case to amend the complaint to
add 96 defendants (see docket entry 91), found that Luis Alvarez and Miguel Vázquez were
the only employees who had filed grievances with the Union. The judge allowed the addition
of these two individuals as plaintiffs and denied the motion as to the other 94. Opinion and
Order, page 2. According to the Union, only plaintiffs Angel Ortiz, Reinaldo Ilarraza[2] and Luis
Alvarez filed grievances with the Union over the failure to strictly follow seniority.[3] The Union
refused to process these grievances any further because it contended that the plan to allow
qualifications as a criteria had been agreed upon by the Union and Crowley together.

With regard to four of the plaintiffs, the record reflects that they were not affected by
the revised ("seniority-plus") method of layoffs: Leoncio Cancel was not the most senior
mechanic.[4] A more senior mechanic, Miguel Rodríguez, was given the position available during
the phase out of operations. Pedro Figueroa and Miguel Negrón were classified as "ordinary
seaman" and there were no positions for ordinary seamen during the residual operations.

---

[2]We note that Angel Ortiz and Reinaldo Ilarrraza are plaintiffs in both cases.

[3] John Steven Ruiz, Union Director of Caribbean Operations and the Port Agent in Santurce,
Puerto Rico, states, at pargraph16 of his affidavit in support of the Union's Motion for Summary
Judgment:

> After the shut-down, three employees filed grievances claiming that they had more
> seniority than the employees who were retained by the Company. The employees
> were Luis Alvarez, Angel Ortiz and Reinaldo Ilarraza. These three employees were
> all engineers, also known as "engine utility" employees.

Only copies of the grievances filed by Ortiz and Ilarraza are attached. No other information is
provided about the grievance filed by Luis Alvarez or Miguel Vázquez.

[4]Although Cancel qualified s a crane operator he did not have the federally required
Occupational Health & Safety Act certification to fill this position on an oil response vessel.

CIVIL 97-2437CCC                                    4
CIVIL 98-1548CCC

Orlando Rodríguez was a Utility Person and there was no utility position available during the phase-out.

Based upon the above facts, many of which are gleaned from the documents supporting all parties' motions, the defendants request summary judgment, contending that there was no violation of the CBA on the basis of seniority and that the union did not breach its duty of fair representation. Crowley also contends that the lay-offs arose from its legitimate prerogative to close its operations in Puerto Rico.

The plaintiffs in the Florida case opposed the motion reiterating their allegations of retaliation and the failure to follow the CBA's seniority rule for the remaining work. For the first time in this action, they argue that Crowley failed to transfer the plaintiffs to other Crowley locations. They contend that when the seniority clause is read "with the other sections of Article IV of the CBA, it is clear that both Crowley and the Union were required by the CBA to transfer or at least offer to transfer these Plaintiffs to any one of (5) Crowley locations when the 1997 layoffs occurred...." See docket entry 121, p.5.

Plaintiffs in Civil Case 97-2437, Angel Ortiz and Reinaldo Ilarraza base their opposition on Crowley's failure to strictly follow the date of hire seniority in both the CBA and the effects stipulation of April 17,1997. As stated in their complaint, they also contend that their grievances were incorrectly rejected by the union as being time-barred.[5]

We first set out the relevant clauses:

The CBA, with regard to seniority, states in Article IV, Section A):

> "Seniority, for purposes of layoff, bumping back, recall, transfer, and promotion, will be based upon the date of employment in each job classification, as herein further amplified."

The Stipulation regarding the effects of the closing of operations signed by the Union and Crowley on April 17, 1997, states, at page 2, paragraph 1:

---

[5]Defendants have not raised the untimely filing of their grievances as grounds for dismissal of their claims.

CIVIL 97-2437CCC                    5
CIVIL 98-1548CCC

> "This residual work is being performed by a group of employees on the basis of their date of hire seniority. As the residual work concludes, the Company will terminate these employees on the basis of their date of hire seniority."

ANALYSIS

We initially note that the CBA does not provide for the event of the shutdown of the employer's Puerto Rico operations. The interests of the employees are significantly protected by the requirement of bargaining over the "effects" of a closing. Arrow Automotive Industries v. NLRB, 853 F2d 223 (4th Cir. 1988), citing First National Maintenance Corp. v. NLRB, 452 US 666 (1981). We cannot find the decision of the Union to negotiate with the employer on the effects of the shutdown to be arbitrary, discriminatory, or in bad faith. Chaparro-Febus, supra, at 330. See also, Airline Pilots Ass'n. Int'l. V. O'Neill, 499 U.S. 65 (1991). (A union breaches its duty of fair representation only when it engages in arbitrary, discriminatory or bad faith conduct.)

In their opposition, the Florida plaintiffs present allegations of additional violations of the CBA: that Crowley failed to offer its Puerto Rico employees transfers to its operations in other locations. These grievances are not contained in their complaint, and there is no evidence that they were submitted for resolution according to the grievance procedures of the CBA. Therefore, we do not consider them.

The Supreme Court has determined that an employer has the right to terminate an entire business for any reason he pleases and that the closing of an entire business, even though discriminatory, ends the employer/employee relationship. See Textile Workers Union of America v. Darlington Manufacturing Company, 380 U.S. 263 (1965). The union is protected from a partial closing that is motivated by anti-union animus. Arrow Automotive Industries v. NLRB, supra at 226. Plaintiffs have raised no allegations of discrimination in either of their complaints.

CIVIL 97-2437CCC                    6
CIVIL 98-1548CCC

The Florida case plaintiffs' retaliation claims were raised in two unfair labor practice charges before the N.L.R.B., which addressed the issue of anti-union animus– discharge for filing claims under the FLSA. The first charge, brought under section 8(a) (1-3)of the National Labor Relations Act (NLRA), 29 U.S.C. 158(a)(1-3) states as follows:

> In or around February 1997, the Employer, through its officers, agents and representatives, laid off Orlando A. Rodríguez and approximately 200 other workers in retaliation for their concerted protected activities in filing an FLSA demand against the Employer."

The second charge, brought pursuant to NLRA sections 8(b)(1)(A) and (2) states:

> Since February 1997, the Union, through its officers, agents and representatives, breached its duty of fair representation by conspiring with and allowing the below-referenced Employer to lay off 200 workers in retaliation for their filing an FLSA demand, and by failing to represent them in the grievance process subsequently.

These charges were rejected by the N.L.R.B. In two letters, one for each charge, dated February 27, 1998, the Regional Director refused to file a complaint in the matter, stating that the matter had been carefully investigated and considered and that the investigation had failed to reveal evidence of a sufficient nature to support their allegation that there was a violation.

Similarly, the allegations of retaliation found in both the complaint and the opposition are conclusory. Conclusory allegations of retaliation alone, in the case of a business closing, are not a sufficient basis for breach of the employment contract. Fed.R.Civ.P. 56(e) governs the obligations of adverse parties to respond to a summary judgment motion. It provides that when a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of its pleadings. Rather, the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. De La Vega v. The San Juan Star, 377, F.3d 111, 115 (1st Cir. 2004); Rosenfeld v. Egy, 346 F.3d 11 (1st Cir. 2003) (summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences and unsupported speculation).

CIVIL 97-2437CCC                    7
CIVIL 98-1548CCC

Additionally, Law 80, 29 L.P.R.A. §185b(d) establishes that full, temporary or partial

closing of the operations of the establishment constitutes good cause for the discharge of an

employee.

While this would dispose of those plaintiffs whose claims were based only on retaliation

and which the evidence establishes were not the most senior in their positions or all their

positions were eliminated, some of the plaintiffs contend that they were the most seniors, were

dismissed, and did file timely grievances which the Union failed to pursue.  As to them,

defendants have advanced the "seniority-plus" argument.

Although John Steven Ruiz' affidavit in support of the Union's motion, at ¶13,  and

Crowley's letter to the Union dated March 6, 1997 [Ex 13] explain the rationale behind the

alleged decision to include qualifications as an additional criteria for the remaining work, we note

that this material predates the April 17, 1997 stipulation and is inconsistent with its terms.

While a question of fact exists as to "seniority-plus" under the federal law claims, Law 80

permits "seniority plus."  29 LPRA §185c provides that:

> "[i]n any case where employees are discharged for the reasons indicated
> in [§185b(d)], it shall be the duty of the employer to retain those employees of
> greater seniority on the job with preference... except...in those cases in which
> there is a clear and conclusive difference in favor of the efficiency or capacity of
> the workers compared, in which case the capacity shall prevail..."

(Our emphasis.)

Finally, with regard to the claim of the Civ. 97-2437 plaintiffs made pursuant to Article

1802 of the Civil Code of Puerto Rico, in ordinary cases of unjust discharge from employment,

there is no cause of action against an employer for extra contractual responsibility.  See Rivera

v. Security National Life Insurance Company, 1 06 D.P.R. 517, 527 (1977).  The only cause

of action for unjust dismissal under the circumstances here are those established by Law 80.  See

Arroyo v. Rattan Specialties, Inc. 117 D.P.R. 35, 65(1986).

For the above stated reasons, the Motions for Summary Judgment (**docket entries 41**

**and 42**) are GRANTED IN PART and DENIED IN PART.  The Motions are GRANTED as to

CIVIL 97-2437CCC                              8
CIVIL 98-1548CCC

the retaliation claims, which are DISMISSED.  The Court finds that the employer's decision to include qualifications as a criteria in retaining some workers, and the Union's failure to pursue grievances based on this alleged breach of the CBA, create issues of material fact which must be left for a jury to decide.  Therefore, summary judgment on the hybrid federal claims based on the seniority issue are therefore DENIED.  However, since the Court has found that the seniority rights of plaintiffs Orlando Rodríguez, Leoncio Cancel, Pedro Figueroa and Miguel Negrón were not violated, the actions brought by these plaintiffs are DISMISSED.  The seniority claims under the federal law filed by Angel Ortiz-Angleró, Reinaldo Ilarraza-Medina, Luis Alvarez and Miguel Vázquez remain.

The summary judgment motions are also GRANTED as to Ortiz-Angleró and Ilarraza-Medina's seniority claims under Law 80 and their claims under Article 1802, which are DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on September 30th, 2004.


                                         CARMEN CONSUELO CEREZO
                                         United States District Judge